IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NUMBER: 2:18-CR-00047 |
| ) | |
| MAKEDA ATKINSON, ) | |
|     Defendant ) | |
| ) | |

**DEFENDANT MAKEDA ATKINSON'S**
**MOTION TO DISMISS COUNT THREE OF THE INDICTMENT**

COMES NOW, MAKEDA ATKINSON, Defendant, by and through his counsel of record, and moves the Court pursuant to Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and (v) for an Order dismissing Count 3 of the indictment in this matter as it is defective by failing to properly allege an offense.

1.

Mr. Atkinson is currently charged in a six-count indictment with: conspiracy to possess with intent to distribute and to distribute controlled substances (21 U.S.C. § 846); distribution of a controlled substance (Fentanyl and Hydromorphone) (21 U.S.C. § 841(a)(1); distribution of a controlled substance (Hydromorphone and Fentanyl) resulting in death (21 U.S.C. § 841(a)(1); distribution of a controlled substance (Fentanyl and Cocaine) (21 U.S.C. § 841(a)(1); distribution of a controlled substance (Hydromorphone and Fentanyl) (21 U.S.C. § 841(a)(1); and distribution of a controlled substance (Cocaine) (21 U.S.C. § 841(a)(1).

2.

In Count 3 of the indictment, Mr. Atkinson is charged with distribution of a controlled substance resulting in a death in violation of 21 U.S.C. § 841(b)(1)(C ). The government's

disclosure materials contain, among other things, an autopsy report providing the conclusion that the cause of death is due to "acute fentanyl and acetyl fentanyl toxicity".

3.

In *Burrage v. United States*, 134 S.Ct. 881(2014), the Supreme Court held that the "death or serious bodily injury" sentencing enhancement "is an element that must be submitted to the jury and found beyond a reasonable doubt," *Id.* at 887, relying on *Alleyne v. United States*, 133 S.Ct. 2151(2013), holding that "any fact that increases the mandatory minimum is an 'element' that must be submitted to the jury" and "found beyond a reasonable doubt." *Id.* at 2155, 2163. In order for the penalty enhancement under § 841(b)(1)(C ) to apply to the defendant, the use of the drug distributed must be a but-for cause of the death. *Burrage*, *supra*.

4.

In *Burrage*, the government charged the "death results" enhancement in the indictment and submitted the fact to the jury (thought at the time it didn't have to). The indictment alleged that Burrage distributed heroin in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C ), and that death resulted from the use of that heroin, subjecting Burrage to the 20-year mandatory minimum. Banka, a long time drug user, died after an extended binge, as part of which he purchased heroin from Burrage and injected it. Multiple drugs were present in his system at the time of death, including heroin, codeine, alprazolam clonazepam, and oxycodone. *Burrage, supra*. Two medical experts testified at trial that the heroin was a "contributing" factor in Banka's death, but neither could say whether he would have lived had he not taken the heroin. *Id.* at 885-86. In other words, there was no evidence that Banka's heroin use was a but-for cause of his death. *Id.* at 892.

5.

Burrage moved for judgment of acquittal, arguing that Banka's death did not "result from" the heroin use because there was not evidence that the heroin was a but-for cause of death. *Id*. at 886.  The trial judge denied the motion, and instructed the jury that the government was required to prove "that the heroin distributed by the Defendant was a contributing cause of the death." *Id*.  Burrage was convicted and sentence to the 20-year statutory minimum.  The Court of Appeals affirmed, holding that the contributing-cause instruction was proper.

6.

Certiorari was granted to answer the question of whether a defendant may be convicted when the use of the controlled substance was a "contributing cause" of the death.  *Id*.  The Court construed the phrase "results from" to decide "whether the mandatory-minimum provision applies when use of a covered drug supplied by the defendant contributes to, but is not a but-for cause of, the victim's death or injury."  *Id*. at 885.  Giving the phrase its ordinary meaning, "results from" imposes "a requirement of actual causality," that is, a "but-for requirement".  *Id*. at 887-888.  As an example of but-for cause, "if poison is administered to a man debilitated by multiple diseases, it is a but-for cause of his death even if those diseases played a part in his demise, so long as, without the incremental affect of the poison, he would have lived."  *Id*. at 888.  "The language Congress enacted requires death to 'result from' use of the unlawfully distributed drug, not from a combination of factors to which drug use merely contributed."  *Id*. at 89`.  "[A]t least where use of the drug distributed by the defendant is not an independently sufficient cause of the victim's death or serious bodily injury, a defendant cannot be liable under the penalty enhancement provision of 21 U.S.C. § 841(b)(1)(C ) unless such use is a but-for cause of the death or injury."  *Id*.

7.

Mr. Atkinson contends that the government's failure to charge this element in Count 3 of the indictment would be misleading and confusing to the jury and could result in the jury returning a verdict without the appropriate consideration of that requirement.  While normally the allegations in the language of the statute are sufficient, here, as a result of the subsequent holding of the Court in *Burrage*, and without the statute having been amended, the but-for language should be required to be contained in the charging indictment so the jury can make an appropriate determination as to the element.

WHEREFORE, Mr. Atkinson respectfully prays that this Court issue an Order dismissing Count 3 of the above-captioned indictment for failure to properly alleged an offense in violation of Federal Rule of Criminal Procedure 12(b)(3)(B)(iii) and (v).  Mr. Atkinson respectfully requests that this Court's Order strike Court 3 from the indictment, and for such other and further relief as this Court may deem just and proper.

Respectfully submitted, this 28th day of December, 2018.

*/s/ John J. Ossick, Jr.*
Georgia Bar Number 555150
JOHN J. OSSICK, JR., P.C.
Post Office Box 1087
Kingsland, Georgia 31548
Telephone:  912-729-5864
Facsimile:  912-729-2230
E-mail: **ossick@tds.net**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | CASE NUMBER: 2:18-CR-00047 |
| ) | |
| MAKEDA ATKINSON, ) | |
|    Defendant ) | |
| ) | |

**CERTIFICATE OF SERVICE**

This is to certify that I have this day served all parties in this case in accordance with the directives from the Court Notice of Electronic Filing ("NEF"), which was generated as a result of electronic filing.

This 28th day of December, 2018.

       /s/ *John J. Ossick, Jr.*
       Georgia Bar Number 555150
       JOHN J. OSSICK, JR., P.C.
       Post Office Box 1087
       Kingsland, Georgia 31548
       Telephone: 912-729-5864
       Facsimile: 912-729-2230
       E-mail: **ossick@tds.net**