# In the United States District Court
# For the Southern District of Georgia
# Brunswick Division

| UNITED STATES OF AMERICA | * | |
|---|---|---|
| | * | |
| | * | CASE NO.: 2:18-cr-47 |
| | * | |
| v. | * | |
| | * | |
| MAKEDA ATKINSON, | * | |
| | * | |
| Defendant. | * | |

### ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. Dkt. No. 83. Defendant objects to the Magistrate Judge's recommendation that the Court should deny Defendant's Motion to Dismiss Count Three of the Indictment, dkt. no. 44. Dkt. No. 87. However, for the following reasons, the Court **OVERRULES** Defendant's Objections. Accordingly, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court, and **DENIES** Defendant's Motion to Dismiss Count Three of the Indictment, dkt. no. 44. Additionally, the Court **ADOPTS** the Magistrate Judge's Report and Recommendation and **FINDS** Defendant's statements were voluntary, dkt. no. 49, a conclusion to which Defendant did not object.

In his Objections, Defendant reiterates the arguments made in his original Motion to Dismiss Count Three of the Indictment based on Burrage v. United States, 571 U.S. 204 (2014). Defendant contends the decision in Burrage requires an indictment seeking a sentencing enhancement under 21 U.S.C. § 841(b)(1)(C) to specifically charge that the distributed controlled substance was the but-for cause of death. Dkt. No. 87, pp. 1, 2. The indictment in this case utilizes the phrase "death resulted from," which is drawn from the language of the statute but does not include the term "but-for" causation. Dkt. No. 21, p. 4.

The Magistrate Judge addressed at length the holding of Burrage and decisions by other Circuit Courts of Appeals interpreting the sufficiency of convictions utilizing the language of § 841(b)(1)(C) in light of Burrage. Dkt. No. 83, pp. 8-11. The Court does not find it necessary to repeat that analysis but notes the Eleventh Circuit has not directly addressed this issue. Several other Circuits have found, as the Magistrate Judge concluded, that an indictment utilizing the statutory language of § 841(b)(1)(C) is not rendered invalid by Burrage. Id. As stated by the Magistrate Judge, "Burrage held that a jury charge that expressly instructs the jury on a lower standard of causation (i.e., "contributing cause") is erroneous but did not go so far as to conclude that a jury charge *must*

AO 72A
(Rev. 8/82)

include express instructions on but-for causation." Id. at p. 10. The Magistrate Judge correctly concluded that the same reasoning applies to required language for an indictment, and, therefore, "the indictment in this case adequately pleads the sentencing enhancement of § 841(b)(1)(C)." Id. at p. 12.

In his Objections, Defendant cites additional authority from the Eleventh Circuit holding that indictments were invalid even where they utilize statutory language. Dkt. No. 87, pp. 3, 4. However, none of these cases suggest that the Magistrate Judge's conclusion is incorrect and that Burrage requires but-for causation language in an indictment. In three of the four cases Defendant cites, the Eleventh Circuit invalidated indictments for failing to allege sufficient factual details to support various charges, such that the indictments failed to provide adequate notice to the defendants in those cases of the charges against them or prevented the appellate court from being able to discern the basis for the charge. See United States v. McGarity, 669 F.3d 1218, 1238 (11th Cir. 2012) (invalidating an obstruction indictment that did not identify which official proceeding was obstructed); United States v. Schmitz, 634 F.3d 1247, 1261 (11th Cir. 2011) (invalidating a fraud indictment that did not provide any "factual detail regarding the scheme to defraud . . ."); United States v. Bobo, 344 F.3d 1076, 1084 (11th Cir. 2003) (invalidating a fraud indictment that "does not

3

set forth the manner and means by which the scheme and artifice to defraud operated . . ."). Unlike the indictments in those cases, Defendant here does not allege the indictment is lacking factual support. Defendant instead contends that the "death results from" language in the indictment, which tracks the language of § 841(b)(1)(C), is insufficient to imply the but-for causation required to sustain a conviction under the statute. Dkt. No. 87, p. 3. In other words, Defendant challenges the indictment's articulation of the governing causation standard as insufficient, not its factual specificity. Thus, McGarity, Schmitz, and Bobo are distinguishable.

Defendant also relies on United States v. Martinez, 800 F.3d 1293, 1294 (11th Cir. 2015). In Martinez, the Eleventh Circuit concluded that an indictment charging a violation of 18 U.S.C. § 875(c) (for transmitting an email that contained a threat to injure the person of another) was insufficient to sustain the defendant's conviction. The indictment was deficient because it failed to allege an essential element of the offense—the defendant's mens rea—even though the indictment otherwise tracked the statutory language. Martinez, 800 F.3d at 1294. The Eleventh Circuit came to this conclusion based on the Supreme Court's then-recent opinion in Elonis v. United States, 135 S. Ct. 2001, 2012 (2015), which confirmed that subjective intent is an essential element of a § 875(c) offense.

4

Martinez does not address the issue in this case. In Martinez, the indictment failed to "allege [the defendant's] mens rea or facts from which her intent [could] be inferred . . . ." Martinez, 800 F.3d at 1294. Indeed, the Martinez indictment was silent on defendant's mental intent regarding whether the email was threatening. In contrast, the indictment in this case alleges Defendant is subject to the sentencing enhancement in § 841(b)(1)(C) because death "resulted from" the victim's use of drugs provided by Defendant. The Supreme Court explained in Burrage that the plain meaning of "results from" in § 841(b)(1)(C) (and, consequently, the plain meaning of "resulted from" in the indictment) is but-for causation. Therefore, the indictment in this case expressly alleges the required element of causation by including the "results from" language, while the indictment in Martinez was completely silent as to mens rea.

In conclusion, the authority Defendant cites does not undermine or contradict the Magistrate Judge's analysis. As recognized by other Circuits, an indictment alleging a violation of § 841(b)(1)(C) that utilizes the "results from" language of the statute is sufficient under Burrage. Accordingly, the Court **OVERRULES** Defendant's Objections, dkt. no. 87, **ADOPTS** the Magistrate Judge's Report and Recommendation, as supplemented herein, as the opinion of the Court, dkt. no. 83, and **DENIES**

AO 72A
(Rev. 8/82)

Defendant's Motion to Dismiss Count Three of the Indictment, dkt. no. 44. The Court additionally **ADOPTS** the Magistrate Judge's Report and Recommendation and **FINDS** Defendant's statements were voluntary, dkt. no. 49.

**SO ORDERED**, this 19 day of April, 2019.

_____
HON. LISA GODBEY WOOD, JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)